**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**UNITED STATES CURRENCY**
**IN THE SUM OF $9,100,**
**Defendant,**

**Oscar Lopera, Claimant–Appellant.**

**Docket No. 00–6337.**

United States Court of Appeals,
Second Circuit.

Sept. 6, 2001.

**48**

Artemis Lekakis, Assistant United States Attorney; Deborah B. Zwany, Arthur Hui, Assistant United States Attorneys, Loretta E. Lynch, United States Attorney, on the brief, Eastern District of New York, Brooklyn, NY, for United States.

Oscar Lopera, FCI Otisville, Otisville, NY, pro se.

Present MESKILL, WINTER and STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HERE-

BY ORDERED, ADJUDGED AND DE-CREED that the judgment of the District Court is VACATED and the matter RE-MANDED.

The United States ("Government") filed a complaint, *in rem,* seeking the forfeiture of $9,100, seized at the time of Lopera's arrest for various narcotics offenses. Lopera filed a claim of lawful ownership of the property and stated his intent to challenge the forfeiture.

Thereafter, Lopera filed a motion seeking, *inter alia,* dismissal of the Government's complaint, summary judgment, and the return of the $9,100. In support of his motion, Lopera contended that various delays in the case had violated his right to due process and that the Government had failed to show the required nexus between the currency and illegal activities so as to satisfy the forfeiture standard. At the conclusion of his motion, Lopera requested that the Government's complaint be dismissed "and a summary judgment be entered." Lopera's motion did not cite to Fed.R.Civ.P. 56 or otherwise comply with the requirements of that rule.

After the court denied Lopera's motion, the Government filed its own summary judgment motion, which included a Rule 56.1 statement of undisputed material facts and a supporting affidavit from a federal agent who had worked on the Lopera case. None of the Government's submissions advised Lopera of the nature and consequences of a summary judgment motion and his obligation in responding to such a motion.

In response to the Government's motion, Lopera filed a motion for default judgment stating that he had not received service of the Government's motion by the date specified in a prior court order. Lopera did not submit anything further in opposition to the Government's motion.

The District Court granted the Government's motion, concluding that the Government had offered sufficient evidence to demonstrate probable cause that the $9,100 was subject to forfeiture. The court noted that Lopera had not opposed the motion on substantive grounds, but, rather, had argued that the Government had improperly requested an extension of the deadline for submitting its summary judgment motion.

After judgment was entered, Lopera timely filed a notice of appeal and subsequently submitted an appellate brief, in which he sets out the standard for granting summary judgment and argues that the District Court improperly determined that there were no genuine issues of material fact in dispute. Lopera further maintains that he should be allowed to use the discovery process to demonstrate that the currency seized was obtained through illegitimate means.

The Government responds by reasserting their previous arguments and stating, *inter alia*, that since Lopera did not oppose the summary judgment motion, the District Court's findings are conclusive.

It is now well settled that "[t]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal." *Vital v. Interfaith Medical Center*, 168 F.3d 615, 620 (2d Cir.1999) (internal quotations omitted). A district court must advise a *pro se* litigant as to the nature of summary judgment unless the moving party has provided the litigant with the requisite notice or the record makes clear that the litigant understood the nature and consequences of summary judgment. *See id.; M.B. v. Reish*, 119 F.3d 230 (2d Cir.1997).

It appears that Lopera did not understand the consequences of a summary judgment motion and he was not provided with adequate notice by either the Government or the District Court. This defect is especially notable where, as here, Lopera completely failed to respond, substantively, to the Government's motion. Lopera's own motion for summary judgment appears to be, in essence, a motion to dismiss, that neither referred to Rule 56 nor the standard for granting a summary judgment motion. Although Lopera now refers to "genuine issues of material fact" in his appellate brief, it is not clear that he understood this standard at the time of the earlier motions.

Since Lopera arguably did not understand the nature and consequences of summary judgment, the judgment of the District Court is hereby VACATED and the case REMANDED to the District Court for further proceedings consistent with this order.